DAVIDOFF HUTCHER & CITRON, LLP
*Proposed Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
In re:                                    Chapter 11
                                          Case No. 23-42927(JMM)
860 VESTAL EMPIRE LLC,

                    Debtor.
------------------------------X

## DECLARATION OF DAVID GOLDWASSER PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

DAVID GOLDWASSER, under penalties of perjury, hereby declares and states as follows:

1. I am the Manager[1] of 860 Vestal Empire LLC (the "Debtor") and I submit this Declaration pursuant to Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York.

## PART I

## BACKGROUND

2. The Debtor was organized under the laws of the State of New York on October 7, 2015. The Debtor is a domestic limited liability company, authorized to do business in the State of New York.

3. In or around October 2015, the Debtor acquired commercial real property located

---

[1] In addition to my position as Manager of the Debtor, Saw Mill Road Partners, LLC, of which I own 100% of its membership interests, holds a 49% membership interest in the Debtor.

1

at 860 Vestal Road, Vestal New York 13850 (the "Property").

4. The Debtor was, at the time 100% owned and managed by Alan Anzaroot ("Anzaroot").

5. The Property consists of a Class B 135,000 square foot building located on approximately 5 acres in Broome County just off Highway 17. The building was constructed in 1975 and renovated in 2018. Despite such renovation, the building remains vacant and generates no income or revenue.

6. On April 23, 2020, in a refinance of the Property, the Debtor duly executed a note and mortgage in the principal amount of $1,300,000 in favor of Brovha Capital, LLC ("Brovha"). The loan was declared in default by Brovha on February 2, 2021 for nonpayment. On February 9, 2023, Brovha assigned its note and mortgage to Regency A9 LLC (the "Lender"), successor in interest to Brovha and current holder of the Brovha mortgage. The Lender is an affiliate of Brovha.

7. Simultaneously with the execution of the Brovha note and mortgage, Anzaroot and BKSK Holdings, LLC ("BKSK"), an affiliate of Brovha, executed (a) a personal guaranty and (b) a First Amended Operating Agreement, pursuant to which Anzaroot agreed that in the event of a default under the Brovha loan, (a) 49% of the Debtor's membership interests would automatically, and without further notice, be given to BKSK and (b) BKSK would be appointed as sole manager of the Debtor with complete authority over all of its business affairs..

8. As a result of Brovha declaring the loan in default as of February 2, 2021, effective as of such date (a) BKSK became a 49% member of the Debtor and (b) BKSK was substituted as Manager in lieu of Anzaroot.

9. Prior to the Petition Date, the Lender commenced an action against Anzaroot to enforce the guaranty in New York Supreme Court, Kings County. The matter is still pending.

10. Just prior to the Chapter 11 filing, (a) BKSK assigned its 49% membership interest in the debtor to my company, Saw Mill Road Partners, LLC, who, in turn appointed me as Manager of the Debtor.

11. Despite the passage of over two and a half years since the Debtor defaulted on the Brovha loan, Anzaroot, as manager, was unsuccessful in satisfying any portion of the loan and otherwise failed to preserve and maximize the value of the Property.

12. In addition, upon information and belief, Anzaroot caused the filing of a bogus mechanics' lien on the property by an entity named Das Incentives in excess of $2 million despite no work or repairs having been made to the Property. The Debtor therefore believes the mechanics' lien is fraudulent and the lienholder an insider of the Debtor by virtue of his relationship and/or conspiring with Anzaroot to file the fraudulent mechanics' lien. The Debtor intends to invalidate the lien through the Bankruptcy process.

13. It has also been recently discovered that Anzaroot may have taken an EIDL loan out against the Debtor, as a UCC-1 financing statement in favor of the U.S. Small Business Administration was filed on July 26, 2020. Upon information and belief, Anzaroot failed to inform Brovha of the loan, constituting an additional default under the Brovha loan documents.

14. At a minimum, Anzaroot failed to account for the EIDL loan proceeds and their disposition.

15. Moreover, it is believed that Anzaroot (a) failed to pay the real estate taxes on the Property and (b) failed to maintain insurance on the Property.

16. To the extent that the Lender does not have forced place insurance on the Property, I will undertake to obtain the necessary insurance coverage immediately.

17. As a result of the foregoing, it has become apparent to the Lender and your Declarant that Anzaroot cannot be trusted with the management of the Debtor and has caused significant damage and harm to the estate.

18. Accordingly, I exercised my rights as manager of the Debtor in accordance with the First Amended Operating Agreement to cause the instant bankruptcy to be filed so that the Property can be adequately marketed and sold to ensure a swift and maximum recovery to the Lender and any other allowed creditors of the Debtor. To that end, the Debtor is already in the process of interviewing real estate brokers to market and sell the property though a sale process to be approved by this Court.

19. During such marketing process, the Debtor will investigate the pre-petition affairs of Anzaroot and use the powers of this Court to obtain the Debtor's books and records, including any bank statements or bank account information, in the possession of Anzaroot and investigate the questionable transactions and activity described above.

20. The Debtor intends to utilize the Chapter 11 process to restructure its debts, so that it may be able to effectively settle its debts with the Lender, and successfully file a plan of reorganization under Chapter 11.

21. The needs and interests of the Debtor's creditors will be best served by the continued possession of its property and management of its affairs as a debtor in possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II

### INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

22. In addition to the foregoing, E.D.N.Y. Local Bankruptcy Rule 1007-4 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-4(a)(1)**

23. The Debtor's principal place of business was historically 1090 4th Street, Brooklyn, New York 11230. The Debtor is engaged in the ownership of the Property as described above.

**Local Rule 1007-4(a)(2)**

24. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-4(a)(3)**

25. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-4(a)(4)**

26. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-4(a)(5)**

27. A schedule of the Debtor's 5 largest secured creditors is attached hereto as **Schedule II**.

**Local Rule 1007-4(a)(6)**

28. A summary of the Debtor's consolidated assets and liabilities is annexed hereto as **Schedule III.**

**Local Rule 1007-4(a)(7)**

29. There are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(8)**

30. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-4(a)(9)**

31. The Debtor does not lease the property, vehicles or equipment.

**Local Rule 1007-4(a)(10)**

32. The Debtor's books and records and substantial assets are believed to be located at 1090 East 4th Street, Brooklyn, New York 11230.

**Local Rule 1007-4(a)(11)**

33. Upon information and belief no suits or proceedings in which the Debtor is named as a party exist. However, upon further investigation it is discovered that any such suits exist, the Debtor will amend in the Debtor's Statement of Financial Affairs filed with the Petition.

**Local Rule 1007-4(a)(12)**

34. The Debtor is currently managed by David Goldwasser.

**Local Rule 1007-4(b)(1) and (2)**

35.     The Debtor currently has 0 employees.

36.     The Debtors' estimated gross weekly payroll and payments to managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is $0

37.     The Debtor's estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petition is approximately $0.

**Local Rule 1007-4(b)(3)**

38.     A schedule, for the 30-day period following the filing of the Chapter 11 petition of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 16, 2023

/s/ David Goldwasser<br>
David Goldwasser

# SCHEDULE I

# 20 Largest Unsecured Creditors

NONE

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | 860 Vestal Empire LLC |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| U.S. Small Business Admin<br>2120 Riverfront Drive<br>Suite 100<br>Little Rock, AR 72202-1747 | | | Unliquidated<br>Disputed | Unknown | $0.00 | Unknown |

# SCHEDULE II

# Five Largest Secured Creditors

See attached

**Fill in this information to identify the case:**

Debtor name: **860 Vestal Empire LLC**

United States Bankruptcy Court for the: **EASTERN DISTRICT OF NEW YORK**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ■ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** Das Incentives (Creditor's Name)<br>2381 McDonald Ave.<br>Brooklyn, NY 11223 (Creditor's mailing address) | Describe debtor's property that is subject to a lien<br><br>Describe the lien: **Mechanics' Lien**<br>Is the creditor an insider or related party? ☐ No  ■ Yes<br>Is anyone else liable on this claim? ■ No  ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)<br>As of the petition filing date, the claim is: Check all that apply<br>☐ Contingent  ■ Unliquidated  ■ Disputed<br>Do multiple creditors have an interest in the same property? ■ No  ☐ Yes. Specify each creditor, including this creditor and its relative priority. | $2,165,895.00 | $0.00 |
| **2.2** Regency A9 LLC (Creditor's Name)<br>1153 Buckwald Court<br>Lakewood, NJ 08701 (Creditor's mailing address) | Describe debtor's property that is subject to a lien<br>**860 Vestal Rd., Vestal, NY 13850**<br>Describe the lien: **First Mortgage**<br>Is the creditor an insider or related party? ■ No  ☐ Yes<br>Is anyone else liable on this claim? ☐ No  ■ Yes. Fill out Schedule H: Codebtors (Official Form 206H)<br>As of the petition filing date, the claim is: Check all that apply<br>Do multiple creditors have an interest in the same property? | $2,321,266.67 | $2,750,000.00 |

Official Form 206D    Schedule D: Creditors Who Have Claims Secured by Property    page 1 of 2

Debtor   **860 Vestal Empire LLC**    Case number (if known)
         Name

- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

| 2.3 | **U.S. Small Business Admin** | Describe debtor's property that is subject to a lien | Unknown | $0.00 |

Creditor's Name

**2120 Riverfront Drive
Suite 100
Little Rock, AR 72202-1747**
Creditor's mailing address

Describe the lien
**UCC Lien**
Is the creditor an insider or related party?
- ■ No
- ☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
- ■ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
- ☐ Contingent
- ■ Unliquidated
- ■ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    **$4,487,161.67**

**Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Schwartz Sladkus Et Al.<br>444 Madison Ave.<br>6th Floor<br>Attn: Andrea Caruso, Esq.<br>New York, NY 10022 | Line **2.2** | |

Official Form 206D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 2 of 2

# SCHEDULE III

# Summary of Assets and Liabilities

See attached

**Fill in this information to identify the case:**

Debtor name: **860 Vestal Empire LLC**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals  12/15

### Part 1: Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................... $ **2,750,000.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*.................................................................................. $ **0.00**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*.................................................................................... $ **2,750,000.00**

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.................. $ **4,487,161.67**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.................................. $ **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............... +$ **0.00**

4. **Total liabilities** ........................................................................................................... $ **4,487,161.67**
Lines 2 + 3a + 3b

# SCHEDULE IV

## 30 Day Projection

INCOME/RECEIPTS:         $0

EXPENSES:                $0